## FEDERAL MINING & SMELTING CO. et al. v. PIERCE et al.

No. 22726. Opinion Filed Nov. 24, 1931.

J. Fred Swanson, Ray McNaughton, and Arthur G. Croninger, for petitioners.

Commons & Chandler, for respondent.

McNEILL, J. This is an original proceeding filed in this court to review an order and award of the State Industrial Commission, made and entered on July 22, 1931, in favor of the respondent, Jack W. Pierce, and wherein the Commission found that said respondent, on the 12th day of May, 1930, sustained an accidental injury to his right side, and that as a result of said injury said respondent has been since the date of the receipt of said injury, and was at the time of the hearing before the Commission, totally disabled to perform ordinary manual labor. The matter came on for hearing on the motion of petitioners to discontinue compensation as of June 27, 1930, which motion was filed with the Commission on October 30, 1930. The Commission denied said motion, and ordered the petitioners to pay respondent the sum of $666.27 for temporary total compensation from June 28, 1930, to June 10, 1931, at the rate of $13.46 per week, together with any amount due, and continue payments thereafter weekly at said rate per week until further ordered by the Commission.

The only assignment of error urged by petitioners is that there was no competent evidence to sustain the order and award of the State Industrial Commission.

The petitioners admit that respondent received an accidental personal injury arising out of and in the course of his employment with petitioner, Federal Mining & Smelting Company, and that certain payments of compensation have been made to respondent.

The record shows that respondent was about 27 years of age, and had worked in mines for several years. He was a shoveler for said mining company, and was injured on May 8, 1930, while lifting a large bowlder, weighing about 100 pounds, over the rim of a mining can. The bowlder broke and fell against his right thorax and abdomen. The respondent describes the accident as follows:

"A. I was attempting to load a bowlder and something in the neighborhood of a hundred pounds, and I attempted to throw the bowlder over the rim of the can, and it fell through, the left handle fell on top of the rim and hit me in the right side and knocked me breathless, and I fell on my right knee and then down on the right side. * * * The can was about 30 inches * * * setting on a car. * * * The car was about a foot high. * * *

"Well, it was heavy. I lifted it up this way, in the arms this way, and attempted to throw it over and went to throw the little end of it first, and forced the other end over, and when I got hold of this side of it to throw it over, just as I got it level with the top of the can, it struck or broke and fell. * * * The little end hit the top of the can and fell and hit the can, and hit me in the side. I jumped back to keep it from hitting me, but I did not succeed."

After the receipt of the injury, respondent was sent to a hospital at Picher, Okla. He received medical treatment from the 12th of May until the 8th of July, 1930. Petitioners then refused to furnish him further medical treatment, at which time respondent testified that he could not stoop or bend over without pain. Respondent also testified that he was unable to do any work since the accident, and had never received any injuries before, except of a slight nature, having a finger bone broken and one of his hands cut.

The record shows that respondent was physically examined by Dr. George W. Colvert on November 5, 1930, at which time an X-ray was taken of portions of his body. Dr. Colvert testified as follows:

"Q. What did the X-ray reveal, doctor? A. Dorsal lumbar spine was—or show a fracture of the eighth rib, near the cartilage attachment, right side; the tenth, eleventh, and twelfth ribs are broken loose from the spinal attachment, right side. The transverse process of the first lumbar vertebra is broken, and the spinal attachment right side, with no evidence of union at point of fracture. * * *"

The doctor also testified that respondent was a total permanent disability and that

his condition would never improve, and that from a history of the case his injuries were caused by the accident.

Dr. McNaughton corroborated Dr. Colvert in reference to the reading of the X-ray photographs.

The Commission heard the testimony of respondent and the different medical experts, and, after a review of all the facts and circumstances gleaned from the evidence, made its aforesaid award in favor of respondent. There is competent evidence reasonably supporting the findings of fact upon which said award is based. When there is such evidence, said finding is final and conclusive upon this court, and this court is not authorized under the Workmen's Compensation Law to weigh conflicting evidence upon which said finding of fact is based.

The award is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur.

CLARK, J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 266; L. R. A. 1917D, 186; 58 A. L. R. 1382; 28 R. C. L. 828; 829; R. C. L. Perm. Supp. p. 6254; R. C. L. Pocket Part, title "Workmen's Compensation," § 116.